**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000127
08-AUG-2025
07:59 AM
Dkt. 63 SO**

NO. CAAP-23-0000127

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

WILLIAM H. GILLIAM, Plaintiff-Appellant,
v.
DAN ELLIOTT, a/k/a DANIEL J. ELLIOTT, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC191000045)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

In this second appeal,[1] self-represented Plaintiff-Appellant William H. Gilliam (**Gilliam**) challenges an order denying his request to continue a hearing on Defendant-Appellee Dan Elliott's (**Elliott**) motion to dismiss, and the subsequent order granting dismissal. We vacate and remand.

---

[1] In the prior appeal, Gilliam v. Elliott, NO. CAAP-19-0000767, 2022 WL 2189308, at *5 (Haw. App. June 17, 2022) (SDO), this court affirmed a grant of summary judgment on all claims, except for the "Unfair and Deceptive Trade Practice" (**UDAP**) and "Fraud" claims.

Gilliam appeals from the Circuit Court of the Fifth Circuit's (**Circuit Court**)[2] February 9, 2023 Final Judgment (**Judgment**) entered in favor of Elliott, and January 31, 2023 "Order Granting [Elliott]'s Motion to Dismiss Complaint Filed March 22, 2019" (**Dismissal Order**).

While Gilliam's Opening Brief lacks an "Argument" section and his "Points of Error" section does not fully comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b), we are able to discern Gilliam's essential contentions. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (affording liberal review to pleadings by self-represented litigants "to facilitate access to justice" and to afford opportunity for appellate review (citation omitted)).

On appeal, Gilliam appears to challenge, among other things,[3] **(1)** the denial of an "HRCP 16 conference" request; and **(2)** the denial of his "Motion to Reschedule Hearing on Motion to Dismiss" (**motion to continue**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Gilliam's contentions as follows.

**(1)** Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 16 conference request: Gilliam points to HRCP Rule 16(b)(1) and (2)[4] to argue that the scheduling conference under that rule was

---

[2]    The Honorable Randal G.B. Valenciano presided.

[3]    Gilliam's remaining points of error (Points 1, 3, 4, 5, and 6) appear to raise arguments pertaining to the motion to dismiss. Because we conclude the continuance should have been granted and the motion to dismiss should not have gone forward, we need not reach these contentions. Gilliam's "Point 8" contention regarding his motion for leave to amend filed August 26, 2019, was not raised in Gilliam's prior appeal filed October 31, 2019, and it is waived.

[4]    HRCP Rule 16, entitled "Pre-trial Conferences; Scheduling; Management," provides in pertinent part:

"mandatory"; the Circuit Court was required to "set the same on request"; Gilliam submitted his September 16, 2022 request for a scheduling conference; and the Circuit Court erroneously "denied" the request "with a bold rubber stamp" on October 4, 2022.

Here, Elliott was served with the March 22, 2019 Complaint on March 27, 2019, and the 90-day time frame specified in HRCP Rule 16(b) ran from March 27, 2019. HRCP Rule 16(b) did not apply to Gilliam's request filed September 16, 2022.

**(2)** Denial of the motion to continue: Elliott's motion to dismiss the remaining UDAP and Fraud claims was set for hearing on November 17, 2022. Gilliam argues that the Circuit Court should have granted his November 15, 2022 motion to continue the November 17, 2022 hearing due to his illness. Gilliam points to his "health declaration" and attached letter from his "board certified treating physician," which was also submitted on November 15, 2022. Gilliam claims that he experienced a "genuine health issue" that made him "foreseeably unavailable" for the hearing.[5] Gilliam quotes the following

---

**(b) Scheduling and planning**.

(1) *Issuing order*. Except in cases exempted by the Rules of the Circuit Courts of the State of Hawaiʻi, the court must issue a scheduling order after consulting with the parties' attorneys and any self-represented parties at a scheduling conference.

(2) *Time to issue*. The court must issue the scheduling order as soon as practicable, but unless the court finds good cause for delay, the court <u>must issue it within the earlier of 90 days after any defendant has been served with the complaint</u> or 60 days after any defendant has appeared.

. . . .

(Emphasis added.)

[5]    William's Reply Brief also asserts, without any citation to the record, that he flew back to "Lihue" on the "16th and 17th" and did not

passage from Onaka v. Onaka, to support his assertion that his illness warranted a continuance:

> It is customary to grant a continuance on the ground of illness of a party. We conclude that [the defendant]'s testimony was necessary for the defense of his case, that the granting of a continuance would not have unduly prejudiced the other parties, and that the continuance motion was not motivated by procrastination, bad planning or bad faith on the part of [the defendant] or his counsel. It is the law that where none of the foregoing appear, the denial of a continuance for illness is abuse of discretion.

112 Hawai'i 374, 385, 146 P.3d 89, 100 (2006) (quoting Gaspar v. Kassm, 493 F.2d 964, 969 (3d Cir. 1974)).

The record reflects that toward the end of the day on November 15, 2022, two days before the November 17, 2022 hearing, Gilliam filed his motion to continue, declaring that he was on the U.S. mainland and had an unanticipated "illness and emergency." He requested "a reasonable continuance until after surgery"; stated that this would "be without prejudice" to Elliott; and referenced his "treating physician statement of unavailability" that was filed in camera. The November 15, 2022 in camera letter stated that Gilliam was treated at a mainland medical center on November 15, 2022; that Gilliam should be "excused from all necessary duties from 11/14-11/18"; and that the medical center was "in the process of scheduling him for surgery."

At the November 17, 2022 hearing on the motion to dismiss, the Circuit Court noted that Gilliam was not present,

---

arrive in time for the hearing on the November 17, 2022. The source of these assertions regarding Gilliam's return flight to Kaua'i appears to be Gilliam's declaration appended to the Reply Brief. This declaration is not part of the record. We do not consider this declaration appended to the Reply Brief, or the declarations that Elliott appended to the Answering Brief, as none of them are part of the record below or the record on appeal. See HRAP Rule 10(a); Bettencourt v. Bettencourt, 80 Hawai'i 225, 229 n.2, 909 P.2d 553, 557 n.2 (holding that matters outside the record on appeal may not be appended to an appellate brief).

4

and that it had received Gilliam's motion to continue the hearing, as follows:

> THE COURT: You know, and the reason for that is he submitted a declaration regarding a continuance. And attached to the declaration, there was an excuse from 11-14 to 11-18. And there was a discussion about a possible surgery that could occur. Or scheduling of a surgery. But I thought depending on when the surgery was scheduled, there would be a window for us to actually deal with this matter even if I continued it until next week.
>
> But given that Mr. Gilliam may not be present today . . .

(Ellipses in original.) The Circuit Court then noted that while Gilliam made the motion to continue, he "didn't physically appear for the motion[,]" and "didn't make arrangements through Zoom" or "even by telephone." Elliott's counsel responded that when Gilliam called her office "less than 48 hours ago . . . asking for a continuance[,]" she told Gilliam that she "could not" agree to a continuance, and "advised him to contact the Court and that maybe he can appear by video-conferenc[e]." The Circuit Court then ruled: "So on the motion to continue, he's not here to advocate for his own motion. So the Court's going to deny the motion." The Circuit Court then took up the motion to dismiss, and granted it because Gilliam was "not here on the motion to dismiss[.]" The Circuit Court later filed its January 31, 2023 "Order Denying with Prejudice [Gilliam]'s Motion to Reschedule Hearing on Motion to Dismiss" (**Order Denying Continuance**) and the Dismissal Order.

Here, the record as of November 17, 2022 when the motion to continue was heard, reflects that Gilliam had set forth a medical reason and attached a medical note to explain his absence at the hearing. The medical note indicated that Gilliam should be excused from necessary duties from November 14 to 18, 2022. This time period included the hearing date. Under these circumstances, we conclude that the Circuit Court acted

5

outside its discretion by denying the motion to continue based on Gilliam's failure to appear.  See id. at 378, 146 P.3d at 93 (reviewing grant or denial of a continuance for abuse of discretion).  Accordingly, we reverse the January 31, 2023 Order Denying Continuance.  On remand, the motion to dismiss should be heard on the merits.

For the foregoing reasons, we vacate the Circuit Court of the Fifth Circuit's February 9, 2023 Judgment, and January 31, 2023 Dismissal Order.  We remand for proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, August 8, 2025.

| | |
|---|---|
| On the briefs: | /s/ Karen T. Nakasone<br>Chief Judge |
| William H. Gilliam,<br>Self-represented Plaintiff-<br>Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Cathy S. Juhn,<br>for Defendant-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |